UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMCAST CABLE COMMUNICATIONS, LLC; COMCAST CABLE HOLDINGS, LLC; and TVWORKS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT COMMUNICATIONS COMPANY L.P.; SPRINT SPECTRUM L.P.; NEXTEL OPERATIONS, INC.; and SPRINT NEXTEL CORPORATION,<br><br>Defendants. | Case No.:<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Comcast Cable Communications, LLC ("Comcast Cable Communications"), Comcast Cable Holdings, LLC ("Comcast Cable Holdings"), and TVWorks, LLC ("TVWorks") (collectively, "Comcast") for their complaint for patent infringement against Defendants Sprint Communications Company L.P. ("Sprint Communications"), Sprint Spectrum L.P. ("Sprint Spectrum"), Nextel Operations, Inc. ("Nextel Operations"), and Sprint Nextel Corporation ("Sprint Nextel") (collectively, "Sprint") allege as follows:

## THE PARTIES

1. Plaintiff Comcast Cable Communications is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Philadelphia, Pennsylvania. Comcast Cable Communications is a wholly owned, indirect subsidiary of Comcast Corporation, the principal place of business of which is also in Philadelphia, Pennsylvania.

2. Plaintiff Comcast Cable Holdings is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Philadelphia, Pennsylvania. Comcast Cable Holdings is a wholly owned subsidiary of Comcast Cable Communications.

3. Plaintiff TVWorks is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Philadelphia, Pennsylvania. TVWorks is a wholly owned subsidiary of Comcast Cable Communications.

4. Defendant Sprint Communications is a limited partnership organized under the laws of the State of Delaware, with its principal place of business in Overland Park, Kansas. On information and belief, Sprint Communications is a wholly owned subsidiary of Sprint Nextel.

5. Defendant Sprint Spectrum is a limited partnership organized under the laws of the State of Delaware, with its principal place of business in Overland Park, Kansas. On information and belief, Sprint Spectrum is a wholly owned subsidiary of Sprint Nextel.

6. Defendant Nextel Operations is a corporation organized under the laws of Delaware, with its principal place of business in Overland Park, Kansas. On information and belief, Nextel Operations is a wholly owned subsidiary of Sprint Nextel.

7. Defendant Sprint Nextel is a corporation organized under the laws of the State of Kansas, with its principal place of business in Overland Park, Kansas.

## JURISDICTION AND VENUE

8. This action arises under the United States patent laws, 35 U.S.C. §§ 101, *et seq.* The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.  The Court has personal jurisdiction over Sprint because Sprint transacts business within the judicial district and has committed acts of patent infringement within the judicial district.

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## FIRST CAUSE OF ACTION
### (SPRINT'S INFRINGEMENT OF U.S. PATENT NO. 7,684,391)

11. Comcast restates and realleges the allegations set forth in paragraphs 1 through 10 above and incorporates them by reference.

12. Comcast Cable Holdings is the lawful owner, by assignment, of the entire right, title, and interest in United States Patent No. 7,684,391 ("the '391 patent"), entitled "Communications System For Delivering Multimedia Internet Protocol Packets Across Network Boundaries" which was issued on March 23, 2010 to inventor Chia Liu. A copy of the '391 patent is attached hereto as Exhibit A.

13. Sprint has been and now is infringing the '391 patent, within this judicial district and elsewhere, by making, using, offering for sale, and/or selling products and services that deliver multimedia internet protocol packets across network boundaries. Such products and services include, without limitation, Sprint's wireless voice and data services using IP/MPLS backhaul or transport, Sprint's Connectivity Solutions (such as, for example, IP-VPNs, Ethernet, and Metro Ethernet), and Sprint's voice services using IP/MPLS transport (such as, for example, Sprint Wholesale and Business voice services, Sprint Collaboration Services, Sprint's Partner Interexchange Network, and Sprint's SIP Trunking services).

14. Comcast Cable Holdings has been damaged by Sprint's infringement of the '391 patent, has been irreparably harmed by that infringement, and will suffer

additional damages and irreparable harm unless this Court enjoins Sprint from further infringement.

## SECOND CAUSE OF ACTION
## (SPRINT'S INFRINGEMENT OF U.S. PATENT NO. 6,885,870)

15. Comcast restates and realleges the allegations set forth in paragraphs 1 through 14 above and incorporates them by reference.

16. Comcast Cable Communications is the lawful owner, by assignment, of the entire right, title, and interest in United States Patent No. 6,885,870 ("the '870 patent"), entitled "Transferring Of A Message" which was issued on April 26, 2005 to inventor Outi Aho. On October 4, 2011, the United States Patent and Trademark Office issued an *ex parte* reexamination certificate adding 93 new claims to the '870 patent. A copy of the '870 patent and the reexamination certificate is attached hereto as Exhibit B.

17. Sprint has been and now is infringing the '870 patent, within this judicial district and elsewhere, by making, using, offering for sale, and/or selling products and services that transfer a message. Such products and services include, without limitation, Sprint's MMS products and services for wireless (such as, for example, Sprint Wireless Picture Mail, Sprint Wireless Video Mail, and Sprint Mobile Email).

18. Comcast Cable Communications has been damaged by Sprint's infringement of the '870 patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Sprint from further infringement.

## THIRD CAUSE OF ACTION
## (SPRINT'S INFRINGEMENT OF U.S. PATENT NO. 5,987,323)

19. Comcast restates and realleges the allegations set forth in paragraphs 1 through 18 above and incorporates them by reference.

20.     Comcast Cable Communications is the lawful owner, by assignment, of the entire right, title, and interest in United States Patent No. 5,987,323 ("the '323 patent"), entitled "Starting A Short Message Transmission In A Cellular Communication System" which was issued on November 16, 1999 to inventor Seppo Huotari. A copy of the '323 patent is attached hereto as Exhibit C.

21.     Sprint has been and now is infringing the '323 patent, within this judicial district and elsewhere, by making, using, offering for sale, and/or selling products and services that start a short message transmission in a cellular communications system. Such products and services include, without limitation, Sprint's SMS products and services for wireless (such as, for example, services currently or previously provided under its Vision Pack, Unlimited Texting, Wireless Texting, and Wireless Premium Text Message plans) and Sprint's MMS products and services for wireless (such as, for example, Sprint Wireless Picture Mail, Sprint Wireless Video Mail, and Sprint Mobile Email).

22.     Comcast Cable Communications has been damaged by Sprint's infringement of the '323 patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Sprint from further infringement.

## FOURTH CAUSE OF ACTION
## (SPRINT'S INFRINGEMENT OF U.S. PATENT NO. 6,112,305)

23.     Comcast restates and realleges the allegations set forth in paragraphs 1 through 22 above and incorporates them by reference.

24.     TVWorks is the lawful owner, by assignment, of the entire right, title, and interest in United States Patent No. 6,112,305 ("the '305 patent"), entitled "Mechanism For Dynamically Binding A Network Computer Client Device To An Approved Internet

Service Provider," which was issued on August 29, 2000 to inventors Frank Dancs and James Zmuda. A copy of the '305 patent is attached hereto as Exhibit D.

25. Sprint has been and now is infringing the '305 patent, within this judicial district and elsewhere, by making, using, offering for sale, and/or selling products and services that connect a network computer client device to an approved internet service provider. Such products include, without limitation, Sprint's wireless data products and services (such as, for example, services currently or previously provided by Sprint Mobile Broadband USB modems and PCMCIA wireless cards or under Sprint's 3G Mobile Broadband Connection and Power Vision plans).

26. TVWorks has been damaged by Sprint's infringement of the '305 patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Sprint from further infringement.

## PRAYER FOR RELIEF

**WHEREFORE**, Comcast prays for judgment:

1. that Sprint has infringed and is infringing the '391 patent, the '870 patent, the '323 patent, and the '305 patent;

2. enjoining Sprint, its officers, agents, servants, employees, attorneys and all other persons in active concert or participation with any of them from infringing the '391 patent, the '870 patent, the '323 patent, and the '305 patent;

3. awarding Comcast compensatory damages for Sprint's infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

4. awarding Comcast reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

5. granting Comcast such other and further relief in law or in equity as this Court deems just or proper.

## **DEMAND FOR JURY TRIAL**

Comcast demands a trial by jury on all issues so triable.

Dated: February 17, 2012

HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER

By: _____
William T. Hangley (I.D. No. 03533)
Michael Lieberman (I.D. No. 62425)
Rebecca L. Santoro (I.D. No. 206210)
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
Telephone: (215) 568-6200
Facsimile: (215) 568-0300

DAVIS POLK & WARDWELL LLP
Matthew B. Lehr (*pro hac vice* to be filed)
Anthony Fenwick (*pro hac vice* to be filed)
David J. Lisson (*pro hac vice* to be filed)
Austin D. Tarango (*pro hac vice* to be filed)
Shiwoong Kim (*pro hac vice* to be filed)
1600 El Camino Real
Menlo Park, CA 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111

*Attorneys for Plaintiffs Comcast Cable Communications, LLC, Comcast Cable Holdings, LLC, and TVWorks, LLC*