## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMCAST CABLE COMMUNICATIONS, LLC; COMCAST CABLE HOLDINGS, LLC; and TVWORKS, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| SPRINT COMMUNICATIONS COMPANY L.P.; SPRINT SPECTRUM L.P.; and NEXTEL OPERATIONS, INC., | ) ) ) ) | |
| Defendants, | ) ) | |
| SPRINT COMMUNICATIONS COMPANY L.P. and SPRINT SPECTRUM L.P. | ) ) ) | Case No.: 2:12-cv-00859-JD |
| Counterclaim-Plaintiffs, | ) ) | DEMAND FOR JURY TRIAL |
| v. | ) ) | |
| COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; COMCAST IP PHONE, LLC; COMCAST BUSINESS COMMUNICATIONS, LLC; and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC; | ) ) ) ) ) ) ) ) | |
| Counterclaim-defendants. | ) ) | |

## SPRINT'S ANSWER AND COUNTERCLAIMS

Defendants Sprint Communications Company L.P. ("Sprint Communications"), Sprint Spectrum L.P. ("Sprint Spectrum"), and Nextel Operations, Inc. ("Nextel Operations") (collectively, "Sprint")[1] hereby answer Plaintiffs Comcast Cable Communications, LLC ("Comcast Cable Communications"), Comcast Cable Holdings, LLC ("Comcast Cable

---

[1] Sprint Nextel Corporation was voluntarily dismissed on March 12, 2012.  (*See* Doc. No. 27.)  Sprint has thus re-styled the caption accordingly.

Holdings"), and TVWorks, LLC's ("TVWorks") (collectively, "Comcast") Complaint as follows:

## THE PARTIES

1.     Plaintiff Comcast Cable Communications is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Philadelphia, Pennsylvania.  Comcast Cable Communications is a wholly owned, indirect subsidiary of Comcast Corporation, the principal place of business of which is also in Philadelphia, Pennsylvania.

**ANSWER:**     Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, therefore denies same.

2.     Plaintiff Comcast Cable Holdings is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Philadelphia, Pennsylvania.  Comcast Cable Holdings is a wholly owned subsidiary of Comcast Cable Communications.

**ANSWER:**     Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, therefore denies same.

3.     Plaintiff TVWorks is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Philadelphia, Pennsylvania.  TVWorks is a wholly owned subsidiary of Comcast Cable Communications.

**ANSWER:**     Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, therefore denies same.

4.     Defendant Sprint Communications is a limited partnership organized under the laws of the State of Delaware, with its principal place of business in Overland Park, Kansas.  On information and belief, Sprint Communications is a wholly owned subsidiary of Sprint Nextel.

5065607

**ANSWER:**     Admitted.

5.      Defendant Sprint Spectrum is a limited partnership organized under the laws of the State of Delaware, with its principal place of business in Overland Park, Kansas.  On information and belief, Sprint Spectrum is a wholly owned subsidiary of Sprint Nextel.

**ANSWER:**     Admitted.

6.      Defendant Nextel Operations is a corporation organized under the laws of Delaware, with its principal place of business in Overland Park, Kansas.  On information and belief, Nextel Operations is a wholly owned subsidiary of Sprint Nextel.

**ANSWER:**     Admitted.

7.      Defendant Sprint Nextel is a corporation organized under the laws of the State of Kansas, with its principal place of business in Overland Park, Kansas.

**ANSWER:**     Admitted, but Sprint Nextel was voluntarily dismissed on March 12, 2012. (*See* Doc. No. 27.)  Thus denied to the extent Comcast purports to state a claim against this former defendant.

## JURISDICTION AND VENUE

8.      This action arises under the United States patent laws, 35 U.S.C. §§ 101, et seq. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**     Sprint admits that this Court has jurisdiction over meritorious actions for patent infringement generally under 28 U.S.C. §§ 1331 and 1338(a), and admits that Comcast's Complaint purports to allege a claim under patent laws of the United States, including Title 35 of the United States Code.  Sprint denies, however, that Comcast states a meritorious claim of patent infringement against Sprint and further denies that it has committed any acts of infringement of U.S. Patent Nos. 7,684,391, 6,885,870, 5,987,323, or 6,112,305.  Sprint is

3

without knowledge or information sufficient to determine whether Comcast has standing or legal capacity to sue on the asserted patents identified in the Complaint, and on that basis, denies that the Court has subject matter jurisdiction over this action.

9.      The Court has personal jurisdiction over Sprint because Sprint transacts business within the judicial district and has committed acts of patent infringement within the judicial district.

**ANSWER:**   Sprint admits that it transacts business in this District and that it is not challenging personal jurisdiction in this matter.  Sprint denies that it has committed any acts of patent infringement in this District.

10.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1400(b).

**ANSWER:**   For the purposes of this litigation only, Sprint admits that venue is technically proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1400(b), but denies that this District is the most convenient venue for adjudication of Comcast's claims against Sprint.

## FIRST CAUSE OF ACTION
### (SPRINT'S INFRINGEMENT OF U.S. PATENT NO. 7,684,391)

11.     Comcast restates and realleges the allegations set forth in paragraphs 1 through 10 above and incorporates them by reference.

**ANSWER:**   Sprint repeats and incorporates by reference each of the responses set forth in response to Paragraphs 1 through 10 above.

12.     Comcast Cable Holdings is the lawful owner, by assignment, of the entire right, title, and interest in United States Patent No. 7,684,391 ("the '391 patent"), entitled "Communications System For Delivering Multimedia Internet Protocol Packets Across Network

4

Boundaries" which was issued on March 23, 2010 to inventor Chia Liu.  A copy of the '391 patent is attached hereto as Exhibit A.

**ANSWER:**   Sprint admits that the '391 patent, entitled "Communications System For Delivering Multimedia Internet Protocol Packets Across Network Boundaries," appears to have issued on March 23, 2010 and identifies Chia J. Liu as the inventor.  Sprint further admits that what appears to be an uncertified copy of the '391 patent was attached as Exhibit A to the Complaint.  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 of the Complaint and therefore, denies the same.

13.    Sprint has been and now is infringing the '391 patent, within this judicial district and elsewhere, by making, using, offering for sale, and/or selling products and services that deliver multimedia internet protocol packets across network boundaries.  Such products and services include, without limitation, Sprint's wireless voice and data services using IP/MPLS backhaul or transport, Sprint's Connectivity Solutions (such as, for example, IP-VPNs, Ethernet, and Metro Ethernet), and Sprint's voice services using IP/MPLS transport (such as, for example, Sprint Wholesale and Business voice services, Sprint Collaboration Services, Sprint's Partner Interexchange Network, and Sprint's SIP Trunking services).

**ANSWER:**   Denied.

14.    Comcast Cable Holdings has been damaged by Sprint's infringement of the '391 patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Sprint from further infringement.

**ANSWER:**   Denied.

## SECOND CAUSE OF ACTION
### (SPRINT'S INFRINGEMENT OF U.S. PATENT NO. 6,885,870)

15.     Comcast restates and realleges the allegations set forth in paragraphs 1 through 14 above and incorporates them by reference.

**ANSWER:**     Sprint repeats and incorporates by reference each of the responses set forth in response to Paragraphs 1 through 14 above.

16.     Comcast Cable Communications is the lawful owner, by assignment, of the entire right, title, and interest in United States Patent No. 6,885,870 ("the '870 patent"), entitled "Transferring Of A Message" which was issued on April 26, 2005 to inventor Outi Aho.  On October 4, 2011, the United States Patent and Trademark Office issued an *ex parte* reexamination certificate adding 93 new claims to the '870 patent.  A copy of the '870 patent and the reexamination certificate is attached hereto as Exhibit B.

**ANSWER:**     Sprint admits that the '870 patent, entitled "Transferring Of A Message," appears to have issued on April 26, 2005 and identifies Outi Aho as the inventor.  Sprint further admits that an *ex parte* reexamination certificate adding claims 20-113 to the '870 patent appears to have issued on October 4, 2011.  Sprint further admits that what appear to be uncertified copies of the '870 patent and the corresponding reexamination certificate were attached as Exhibit B to the Complaint.  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16 of the Complaint and therefore, denies the same.

17.     Sprint has been and now is infringing the '870 patent, within this judicial district and elsewhere, by making, using, offering for sale, and/or selling products and services that transfer a message.  Such products and services include, without limitation, Sprint's MMS

products and services for wireless (such as, for example, Sprint Wireless Picture Mail, Sprint Wireless Video Mail, and Sprint Mobile Email).

**ANSWER:**   Denied.

18.    Comcast Cable Communications has been damaged by Sprint's infringement of the '870 patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Sprint from further infringement.

**ANSWER:**   Denied.

**THIRD CAUSE OF ACTION**
**(SPRINT'S INFRINGEMENT OF U.S. PATENT NO. 5,987,323)**

19.    Comcast restates and realleges the allegations set forth in paragraphs 1 through 18 above and incorporates them by reference.

**ANSWER:**   Sprint repeats and incorporates by reference each of the responses set forth in response to Paragraphs 1 through 18 above.

20.    Comcast Cable Communications is the lawful owner, by assignment, of the entire right, title, and interest in United States Patent No. 5,987,323 ("the '323 patent"), entitled "Starting A Short Message Transmission In A Cellular Communication System" which was issued on November 16, 1999 to inventor Seppo Huotari.  A copy of the '323 patent is attached hereto as Exhibit C.

**ANSWER:**   Sprint admits that the '323 patent, entitled "Starting A Short Message Transmission In A Cellular Communication System," appears to have issued on November 16, 1999 and identifies Seppo Huotari as the inventor.  Sprint further admits that what appears to be an uncertified copy of the '323 patent was attached as Exhibit C to the Complaint.  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20 of the Complaint and therefore, denies the same.

7

21.     Sprint has been and now is infringing the '323 patent, within this judicial district and elsewhere, by making, using, offering for sale, and/or selling products and services that start a short message transmission in a cellular communications system.  Such products and services include, without limitation, Sprint's SMS products and services for wireless (such as, for example, services currently or previously provided under its Vision Pack, Unlimited Texting, Wireless Texting, and Wireless Premium Text Message plans) and Sprint's MMS products and services for wireless (such as, for example, Sprint Wireless Picture Mail, Sprint Wireless Video Mail, and Sprint Mobile Email).

**ANSWER:**   Denied.

22.     Comcast Cable Communications has been damaged by Sprint's infringement of the '323 patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Sprint from further infringement.

**ANSWER:**   Denied.

### FOURTH CAUSE OF ACTION
### (SPRINT'S INFRINGEMENT OF U.S. PATENT NO. 6,112,305)

23.     Comcast restates and realleges the allegations set forth in paragraphs 1 through 22 above and incorporates them by reference.

**ANSWER:**     Sprint repeats and incorporates by reference each of the responses set forth in response to Paragraphs 1 through 22 above.

24.     TVWorks is the lawful owner, by assignment, of the entire right, title, and interest in United States Patent No. 6,112,305 ("the '305 patent"), entitled "Mechanism For Dynamically Binding A Network Computer Client Device To An Approved Internet Service Provider," which was issued on August 29, 2000 to inventors Frank Dancs and James Zmuda.  A copy of the '305 patent is attached hereto as Exhibit D.

8

**ANSWER:**   Sprint admits that the '305 patent, entitled "Mechanism For Dynamically Binding A Network Computer Client Device To An Approved Internet Service Provider," appears to have issued on August 29, 2000 and identifies Frank B. Dancs and James E. Zmunda as the inventors.  Sprint further admits that what appears to be an uncertified copy of the '305 patent was attached as Exhibit D to the Complaint.  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24 of the Complaint and therefore, denies the same.

25.    Sprint has been and now is infringing the '305 patent, within this judicial district and elsewhere, by making, using, offering for sale, and/or selling products and services that connect a network computer client device to an approved internet service provider. Such products include, without limitation, Sprint's wireless data products and services (such as, for example, services currently or previously provided by Sprint Mobile Broadband USB modems and PCMCIA wireless cards or under Sprint's 3G Mobile Broadband Connection and Power Vision plans).

**ANSWER:**   Denied.

26.    TVWorks has been damaged by Sprint's infringement of the '305 patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Sprint from further infringement.

**ANSWER:**   Denied.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Comcast prays for judgment:

1.    that Sprint has infringed and is infringing the '391 patent, the '870 patent, the '323 patent, and the '305 patent;

2.      enjoining Sprint, its officers, agents, servants, employees, attorneys and all other persons in active concert or participation with any of them from infringing the '391 patent, the '870 patent, the '323 patent, and the '305 patent;

3.      awarding Comcast compensatory damages for Sprint's infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

4.      awarding Comcast reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

5.      granting Comcast such other and further relief in law or in equity as this Court deems just or proper.

**ANSWER:**   Paragraphs 1 through 5 following the Prayer for Relief each contain a request for relief to which no response is required.  To the extent a response is required, Sprint denies that Comcast is entitled to any relief from Sprint in connection with its Complaint, including, without limitation, the relief specified in paragraphs 1 through 5 of the Prayer for Relief.

## AFFIRMATIVE DEFENSES

Sprint pleads the following as affirmative defenses to Comcast's Complaint.  Sprint reserves the right to amend its Answer and Counterclaims to add additional affirmative defenses not presented herein, including but not limited to, those defenses revealed during discovery. Without admitting or acknowledging that Sprint bears the burden of proof as to any of the following, based upon information and belief, defendant asserts the following defenses:

## FIRST DEFENSE
### (Non-infringement of the '391, '870, '323, and '305 Patents)

1.      Sprint has not infringed and does not infringe any valid and enforceable claim of the '391, '870, '323, or '305 patents.

## SECOND DEFENSE
### (Invalidity of the '391, '870, '323, and '305 Patents)

2.      One or more claims of the '391, '870, '323, and '305 patents are invalid for claiming subject matter that is unpatentable for failing to meet the requirements of Title 35 of the United States Code, including, for example only, 35 U.S.C. §§ 102, 103, or 112.

## THIRD DEFENSE
### (Prosecution History Estoppel)

3.      Comcast's claims for infringement of the '391, '870, '323, and '305 patents are barred, in whole or in part, by the doctrines of prosecution history estoppel and/or prosecution disclaimer due to representations, amendments, and/or admissions made to the U.S. Patent and Trademark Office during the prosecution and/or reexamination of the '391, '870, '323, and '305 patents.

## FOURTH DEFENSE
### (License)

4.      To the extent that Comcast has granted any of Sprint's suppliers a license under the '391, '870, '323, or '305 patents, Sprint has a license to the '391, '870, '323, and '305 patents.

## FIFTH DEFENSE
### (Intervening Rights)

5.      Comcast's claims for infringement of the '870 patent are barred, in whole or in part, by intervening rights, under 35 U.S.C. §§ 252 and 307 because claim amendments made or additional claims added during reexamination of the '870 patent resulted in reexamined claims that are not substantially identical to the original claims of the '870 patent.

## SIXTH DEFENSE
### (Statute of Limitations)

6.    Comcast is barred from receiving at least a portion of its alleged monetary damages for the alleged infringement of the '870, '323, or '305 patents by the statute of limitations of 35 U.S.C. § 286.

## SEVENTH DEFENSE
### (Failure to State a Claim)

7.    Comcast's Complaint fails to state any claim upon which relief may be granted.

## COUNTERCLAIMS

Pursuant to Rules 13, 19, and 20 of the Federal Rules of Civil Procedure, Counterclaim-Plaintiffs Sprint Communications and Sprint Spectrum counterclaim as follows against Counterclaim-Defendants Comcast Corporation, Comcast Cable Communications, LLC, Comcast IP Phone, LLC, Comcast Business Communications, LLC, and Comcast Cable Communications Management, LLC (collectively, "Counterclaim-Defendants"):

## PARTIES

1.    Counterclaim-Plaintiff Sprint Communications Company L.P. is a Limited Partnership organized and existing under the laws of the State of Delaware, with its principle place of business at 6200 Sprint Parkway, Overland Park, Kansas 66251.

2.    Counterclaim-Plaintiff Sprint Spectrum L.P. is a Limited Partnership organized and existing under the laws of the State of Delaware, with its principle place of business at 6200 Sprint Parkway, Overland Park, Kansas 66251.

3.    On information and belief, Counterclaim-Defendant Comcast Corporation is a Corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at One Comcast Center, 1701 JFK Blvd., Philadelphia Pennsylvania 19103-2838.

5065607

4.    On information and belief, Counterclaim-Defendant Comcast Cable Communications, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at One Comcast Center, 1701 JFK Blvd., Philadelphia, Pennsylvania, 19103-2838.

5.    On information and belief, Counterclaim-Defendant Comcast IP Phone, LLC is a is a Limited Liability Company organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at One Comcast Center, 1701 JFK Blvd., Philadelphia, Pennsylvania 19103-2838.

6.    On information and belief, Counterclaim-Defendant Comcast Business Communications, LLC is a Limited Liability Company organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at One Comcast Center, 1701 JFK Blvd., Philadelphia, Pennsylvania 19103-2838.

7.    On information and belief, Counterclaim-Defendant Comcast Cable Communications Management, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at One Comcast Center, 1701 JFK Blvd., Philadelphia, Pennsylvania, 19103-2838.

8.    On information and belief, Counterclaim-Defendants, or one or more of their affiliates, provide and participate in providing Counterclaim-Defendants' video-on-demand, account alert, enhanced telephony, mobile, and location-based routing products or services, including XFINITY TV, the "XFINITY TV App," "XFINITY Streampix," "Comcast Alerts" (formerly Comcast 4U), On Demand Notifications, XFINITY Voice, XFINITY Connect, the "XFINITY Mobile" application, Readable Voicemail from XFINITY, Business Class Voice and Business Class Voicemail, and network- and client-provided call routing products and services.

13

## JURISDICTION

9.      This is a counterclaim for patent infringement under the United States Patent Laws, 35 U.S.C. § 271, et seq.  This Court has subject matter jurisdiction over this Counterclaim under 28 U.S.C. §§ 1331 and 1338.

## VENUE

10.     Venue for Sprint's Counterclaims is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## JOINDER

11.     Joinder of Counterclaim-Defendants is proper under 35 U.S.C. § 299.   The allegations of patent infringement contained herein arise out of the same series of transactions or occurrences relating to the making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, of the same accused products and services, including Counterclaim-Defendants' video-on-demand, account alert, enhanced telephony, mobile, and location-based routing products or services without Sprint's permission such as Counterclaim-Defendants' XFINITY TV, the "XFINITY TV App," "XFINITY Streampix," "Comcast Alerts" (formerly Comcast 4U), On Demand Notifications, XFINITY Voice, XFINITY Connect, the "XFINITY Mobile" application, Readable Voicemail from XFINITY, Business Class Voice and Business Class Voicemail, and network- and client-provided call routing products and services.

12.     Common questions of fact relating to Counterclaim-Defendants' infringement will arise in this action, as well as questions regarding Counterclaim-Defendants' damages owing to Sprint.

## FACTUAL BACKGROUND
### (The Patents-In-Suit)

13.     Sprint Communications is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,754,907 ("the '4,907 patent") entitled "Remote Control of Video-On-Demand System," which duly and legally issued in the names of James Schumacher, Mike O'Brien, and Jay Cee Straley on June 22, 2004.  A true and correct copy of the '4,907 patent is attached to this Answer and Counterclaims as Exhibit A.

14.     Sprint Communications is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,757,907 ("the '7,907 patent") entitled "Display Selection in a Video-On-Demand System," which duly and legally issued in the names of James Schumacher, Mike O'Brien, and Jay Cee Straley on June 29, 2004.  A true and correct copy of the '7,907 patent is attached to this Answer and Counterclaims as Exhibit B.

15.     Sprint Spectrum is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,602,886 ("the '886 patent") entitled "Method and System for Using a Network-Provided Location for Voice-Over-Packet Emergency Calls," which duly and legally issued in the names of Hal S. Beech, Douglas R. Green, and Shingara S. Dhanoa on October 13, 2009.  A true and correct copy of the '886 patent is attached to this Answer and Counterclaims as Exhibit C.

16.     Sprint Spectrum is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,043,241 ("the '241 patent") entitled "Method and System for Provisioning Authorization for Use of a Service in a Communications Network," which duly and legally issued in the names of Thomas M. Sladek, Charles Woodson, Alex Zhang, and Debashis Haldar on May 9, 2006.  A true and correct copy of the '241 patent is attached to this Answer and Counterclaims as Exhibit D.

17.     Sprint Spectrum is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,054,654 ("the '654 patent") entitled "Automatic Messaging in Response to Television Viewing," which duly and legally issued in the names of Thomas M. Sladek and Von K. McConnell on May 30, 2006.  A true and correct copy of the '654 patent is attached to this Answer and Counterclaims as Exhibit E.

18.     Sprint Spectrum is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,727,916 ("the '916 patent") entitled "Method and System for Assisting a User to Engage in a Microbrowser-Based Interactive Chat Session," which duly and legally issued in the name of Barbara Ballard on April 27, 2004.  A true and correct copy of the '916 patent is attached to this Answer and Counterclaims as Exhibit F.

19.     Sprint Spectrum is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,965,666 ("the '666 patent") entitled "System and Method for Sending E-mails from a Customer Entity in a Telecommunications Network," which duly and legally issued in the name of Baoquan A. Zhang on November 15, 2005.  A true and correct copy of the '666 patent is attached to this Answer and Counterclaims as Exhibit G.

20.     The patents identified in Counterclaim Paragraphs 13–19 and attached as Exhibits A–G are herein collectively referred to as "Sprint's Patents."

**(Comcast)**

21.     Upon information and belief, Comcast is the largest cable operator in the United States, providing cable television, broadband Internet, and telephone service to both residential and commercial customers.

22.     Upon information and belief, Comcast (including Counterclaim-Defendants) has made, used, offered to sell, or sold, and continues to make, use, offer to sell, or sell a variety of

16

video-on-demand, account alert, enhanced telephony, mobile, and location-based routing products or services without Sprint's permission, including XFINITY TV, the "XFINITY TV App," "XFINITY Streampix," "Comcast Alerts" (formerly Comcast 4U), On Demand Notifications, XFINITY Voice, XFINITY Connect, the "XFINITY Mobile" application, Readable Voicemail from XFINITY, Business Class Voice and Business Class Voicemail, and network- and client-provided call routing.

23. Upon information and belief, Comcast (including Counterclaim-Defendants) has made, used, offered to sell, or sold, and continues to make, use, offer to sell, or sell its XFINITY TV, the "XFINITY TV App," "XFINITY Streampix," "Comcast Alerts" (formerly Comcast 4U), On Demand Notifications, XFINITY Voice, XFINITY Connect, the "XFINITY Mobile" application, Readable Voicemail from XFINITY, Business Class Voice and Business Class Voicemail, and network- and client-provided call routing within this Judicial District.

## COUNT 1:  PATENT INFRINGEMENT
### (Infringement of U.S. Patent No. 6,754,907)

24. Sprint Communications realleges and incorporates by reference the allegations set forth in Counterclaim Paragraphs 1–23 above.

25. Upon information and belief, Counterclaim-Defendants have been, and currently are, directly and indirectly infringing the '4,907 patent by making, using, selling, offering for sale, contributing to the use of by others, and inducing others to use video-on-demand systems with a first and second communication interface, including Counterclaim-Defendants' XFINITY TV, the "XFINITY TV App," "XFINITY Streampix," and http://xfinitytv.comcast.net products and services, that infringe one or more claims of the '4,907 patent.

26. Upon information and belief, Counterclaim-Defendants' infringement of the '4,907 patent will continue unless enjoined by this Court.

27.     As a direct and proximate consequence of Counterclaim-Defendants' infringement of the '4,907 patent, Sprint Communications has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Sprint Communications is entitled to relief.

### COUNT 2:  PATENT INFRINGEMENT
### (Infringement of U.S. Patent No. 6,757,907)

28.     Sprint Communications realleges and incorporates by reference the allegations set forth in Counterclaim Paragraphs 1–27 above.

29.     Upon information and belief, Counterclaim-Defendants have been, and currently are, directly and indirectly infringing the '7,907 patent by making, using, selling, offering for sale, contributing to the use of by others, and inducing others to use video-on-demand systems with a first and second communication interface, including Counterclaim-Defendants' XFINITY TV, the "XFINITY TV App," "XFINITY Streampix," and http://xfinitytv.comcast.net products and services, that infringe one or more claims of the '7,907 patent.

30.     Upon information and belief, Counterclaim-Defendants' infringement of the '7,907 patent will continue unless enjoined by this Court.

31.     As a direct and proximate consequence of Counterclaim-Defendants' infringement of the '7,907 patent, Sprint Communications has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Sprint Communications is entitled to relief.

### COUNT 3:  PATENT INFRINGEMENT
### (Infringement of U.S. Patent No. 7,602,886)

32.     Sprint Spectrum realleges and incorporates by reference the allegations set forth in Counterclaim Paragraphs 1–31 above.

33.     Upon information and belief, Counterclaim-Defendants have been, and currently are, directly and indirectly infringing the '886 patent by making, using, selling, offering for sale, contributing to the use of by others, and inducing others to use location-based routing products or services, including Counterclaim-Defendants' XFINITY Voice and call routing using network- and client-provided location information, that infringe one or more claims of the '886 patent.

34.     Upon information and belief, Counterclaim-Defendants' infringement of the '886 patent will continue unless enjoined by this Court.

35.     As a direct and proximate consequence of Counterclaim-Defendants' infringement of the '886 patent, Sprint Spectrum has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Sprint Spectrum is entitled to relief.

## COUNT 4:  PATENT INFRINGEMENT
### (Infringement of U.S. Patent No. 7,043,241)

36.     Sprint Spectrum realleges and incorporates by reference the allegations set forth in Counterclaim Paragraphs 1–35 above.

37.     Upon information and belief, Counterclaim-Defendants have been, and currently are, directly and indirectly infringing the '241 patent by making, using, selling, offering for sale, contributing to the use of by others, and inducing others to use account alerts based on provisioned subscriber profiles, including Counterclaim-Defendants' XFINITY TV or XFINITY Voice and Comcast Alerts (formerly Comcast 4U) or XFINITY Connect products and services, that infringe one or more claims of the '241 patent.

38.     Upon information and belief, Counterclaim-Defendants' infringement of the '241 patent will continue unless enjoined by this Court.

39.     As a direct and proximate consequence of Counterclaim-Defendants' infringement of the '241 patent, Sprint Spectrum has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Sprint Spectrum is entitled to relief.

## COUNT 5:  PATENT INFRINGEMENT
### (Infringement of U.S. Patent No. 7,054,654)

40.     Sprint Spectrum realleges and incorporates by reference the allegations set forth in Counterclaim Paragraphs 1–39 above.

41.     Upon information and belief, Counterclaim-Defendants have been, and currently are, directly and indirectly infringing the '654 patent by making, using, selling, offering for sale, contributing to the use of by others, and inducing others to use On Demand and pay-per-view notifications for parental monitoring, including Counterclaim-Defendants' XFINITY TV and Comcast Alerts (formerly Comcast 4U) products and services, that infringe one or more claims of the '654 patent.

42.     Upon information and belief, Counterclaim-Defendants' infringement of the '654 patent will continue unless enjoined by this Court.

43.     As a direct and proximate consequence of Counterclaim-Defendants' infringement of the '654 patent, Sprint Spectrum has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Sprint Spectrum is entitled to relief.

## COUNT 6:  PATENT INFRINGEMENT
### (Infringement of U.S. Patent No. 6,727,916)

44.     Sprint Spectrum realleges and incorporates by reference the allegations set forth in Counterclaim Paragraphs 1–43 above.

5065607

45.     Upon information and belief, Counterclaim-Defendants have been, and currently are, directly and indirectly infringing the '916 patent by making, using, selling, offering for sale, contributing to the use of by others, and inducing others to use interactive chat sessions that including at least one history-of-communications segment and at least one choice-item segment, including Counterclaim-Defendants' XFINITY Voice and "XFINITY Mobile" products and services, that infringe one or more claims of the '916 patent.

46.     Upon information and belief, Counterclaim-Defendants' infringement of the '916 patent will continue unless enjoined by this Court.

47.     As a direct and proximate consequence of Counterclaim-Defendants' infringement of the '916 patent, Sprint Spectrum has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Sprint Spectrum is entitled to relief.

## COUNT 7:  PATENT INFRINGEMENT
### (Infringement of U.S. Patent No. 6,965,666)

48.     Sprint Spectrum realleges and incorporates by reference the allegations set forth in Counterclaim Paragraphs 1–47 above.

49.     Upon information and belief, Counterclaim-Defendants' have been, and currently are, directly and indirectly infringing the '666 patent by making, using, selling, offering for sale, contributing to the use of by others, and inducing others to use multiple-destination messaging, including Counterclaim-Defendants' Business Class Voice and voicemail products and services, that infringe one or more claims of the '666 patent.

50.     Upon information and belief, Counterclaim-Defendants' have been, and currently are, directly and indirectly infringing the '666 patent by making, using, selling, offering for sale, contributing to the use of by others, and inducing others to use voice-to-text messaging,

including Counterclaim-Defendants' XFINITY Voice and Xfinity Readable Voicemail products and services, that infringe one or more claims of the '666 patent.

51.     Upon information and belief, Counterclaim-Defendants' infringement of the '666 patent will continue unless enjoined by this Court.

52.     As a direct and proximate consequence of Counterclaim-Defendants' infringement of the '666 patent, Sprint Spectrum has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Sprint Spectrum is entitled to relief.

## PRAYER FOR RELIEF

Wherefore, Sprint requests entry of judgment in its favor and against Comcast as follows:

A.     Enter judgment that Counterclaim-Defendants have directly or indirectly infringed one or more claims of Sprint's Patents;

B.     Enter judgment that Counterclaim-Defendants have induced infringement of one or more claims of Sprint's Patents;

C.     Enter judgment that Counterclaim-Defendants have contributed to infringement of one or more claims of Sprint's Patents;

D.     Enter a permanent injunction restraining and enjoining Counterclaim-Defendants, and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with Counterclaim-Defendants who receive actual notice of the order by personal service or otherwise, from any further sales or use of their infringing products and/or services and any other infringement of Sprint's Patents, whether direct or indirect.

E.     For damages to compensate Sprint for Counterclaim-Defendants' infringement of one or more claims of Sprint's Patents pursuant to 35 U.S.C. § 284, together with interest and costs as fixed by the Court; and

F.      For such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

## DEMAND FOR A JURY TRIAL

Sprint respectfully demands a trial by jury on all claims and issues so triable.


Dated:  May 14, 2012                    Respectfully Submitted,

                                         /s/Howard Klein
                                        Howard Klein
                                        hklein@conradobrien.com
                                        **CONRAD O'BRIEN PC**
                                        1500 Market Street, Suite 3900
                                        Philadelphia, PA 19102-2100
                                        T: 215.864.8083
                                        F: 215.864.7403

                                        ***Attorneys For Defendants and Counterclaim-Plaintiff***


*Of Counsel*

B. Trent Webb (*pro hac vice* to be filed)      Robert Reckers (*pro hac vice* to be filed)
Bart A. Starr (*pro hac vice* to be filed)      Mathew Broaddus (*pro hac vice* to be filed)
Aaron Hankel (*pro hac vice* to be filed)       **SHOOK, HARDY & BACON LLP**
Ryan Schletzbaum (*pro hac vice* to be filed)   JPMorgan Chase Tower
**SHOOK, HARDY & BACON LLP**                     600 Travis Street
2555 Grand Boulevard                            Suite 1600
Kansas City, Missouri 64108-2613                Houston, Texas 77002-2992
T: 816.474.6550                                 T: 713.227.8008
F: 816.421.5547                                 F: 713.227.9508

5065607

## <u>CERTIFICATE OF SERVICE</u>

I, Howard M. Klein, hereby certify that I caused Sprint's Answer and Counterclaims to

be electronically filed pursuant to the Court's electronic court filing system, and that the filing is

available for downloading and viewing from the electronic court filing system.


     /s/ Howard M. Klein
Howard M. Klein

Date:  May 14, 2012