IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COMCAST CABLE COMMUNICATIONS, LLC, TV WORKS, LLC, and COMCAST MO GROUP, INC.,**<br>    Plaintiffs,<br><br>    v.<br><br>**SPRINT COMMUNICATIONS COMPANY, LP, SPRINT SPECTRUM, LP, and NEXTEL OPERATIONS, INC.,**<br>    Defendants. | CIVIL ACTION<br><br><br><br>NO.  12-859 |
| **SPRINT COMMUNICATIONS COMPANY, LP, and SPRINT SPECTRUM, LP,**<br>    Counterclaim-Plaintiffs,<br><br>    v.<br><br>**COMCAST CABLE COMMUNICATIONS, LLC,  COMCAST IP PHONE, LLC, COMCAST BUSINESS COMMUNICATIONS, LLC, and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,**<br>    Counterclaim-Defendants. | |

# O R D E R

AND NOW, this 15th day of August, 2014, upon consideration of Comcast's Opening Claim Construction Brief (Document No. 84, filed November 1, 2013), Sprint's Opening Claim Construction Brief (Document No. 85, filed November 1, 2013), and related filings, and following a five-day pre-*Markman* and *Markman* Hearing, for the reasons set forth in the accompanying Memorandum and Order dated August 15, 2014, **IT IS ORDERED** as follows:

1. The disputed language of U.S. Patent No. 6,727,916 shall be **CONSTRUED** as follows:

   a. "**card**" means "at least one tag that describes the layout of one display screen," whereby "tag" is defined as "an instruction of a markup language, such as WML or HDML."

   b. "**choice card**," as used in claims 7, 16, 22, and 23, means "a card that has at least one title segment and at least one choice-item segment."

   c. "**choice-items**," as used in claims 1, 2, 7, 13, 14, 16, 22, and 23, is assigned its plain and ordinary meaning.

   d. "**choice-item segment**," as used in claims 1, 2, 7, 13, 14, 16, 22, and 23, is assigned its plain and ordinary meaning.

   e. "**actuator**," as used in claims 1, 13, 22, and 23, means "a mechanism for triggering an action"

   f. "**scrolling**," as used in 1, 13, 22, and 23 is assigned its plain and ordinary meaning, with the clarification that the selection of a choice-item to move additional choice-items into view is not scrolling.

2. The disputed language of U.S. Patent No. 6,764,907 ("the '4,907 patent") and U.S. Patent No. 6,757,907 (the '7,907 patent") is **CONSTRUED** as follows:

   a. "**operating a video-on-demand system**," as used in claim 10 of the '4,907 patent and claim 21 of the '7,907 patent, means "operating a video-on-demand system without the use of a set-top box for remote control of the video-on-demand system."

2

   b. "**video control signal**," as used in claim 10 of the '4,907 patent, means "a video control signal generated and processed without the involvement of a set-top box for remote control of the video-on-demand system."

   c. "**viewer control signal**," as used in claims 21, 23, and 31 of the '7,907 patent, means "a viewer control signal generated and processed without the involvement of a set-top box for remote control of the video-on-demand system."

   d. "**transferring [video content signals/the video content signals]**," as used in claim 10 of the '4,907 patent, means "in response to the video control signal, transferring [video content signals/the video content signals]."

   e. "**transferring [first/second] video signals**," as used in claims 21, 23, 25, 31, 33, 34, 36, and 37 patent, means "in response to the viewer control signal, transferring [first/second] video signals."

   f. "**second communication system**," as used in claims 10, 11, 12, 13, 14, 15, 16, 17, and 18 of the '4,907 patent, is assigned its plain and ordinary meaning.

   g. "**the video content signals**," as used in claims 23, 24, and 25 of the '7,907 patent, is assigned its plain and ordinary meaning.

   h. "**the first communications interface**," as used in claims 23, 24, and 25 of the '7,907 patent, is assigned its plain and ordinary meaning.

   i. "**the second communications interface**," as used in claims 23, 24, and 25 of the '7,907 patent, is assigned its plain and ordinary meaning.

   j. "**control screen signal**," as used in claims 10, 11, 16 and 17 of the '4,907 patent and claims 21, 38, and 39 of the '7,907 patent, means "a signal that defines a control screen."

        k.     "**implementing a viewer control selection**," as used in claims 10 and 12 of the '4,907 patent, means "in response to the video control signal, implementing a viewer control selection."

    3.     The disputed language of U.S. Patent No. 5,987,323 is **CONSTRUED** as follows:

        a.     "**a subscriber location register**," as used in claims 1, 3, and 4, means "a permanent database used in a cellular communication system to identify a subscriber and to contain subscriber data, including location data, related to features and services, which needs not take the form of a single structure or one-piece device."

        b.     "**short message**," as used in claim 1, means "an SMS message."

    4.     The disputed language of U.S. Patent No. 6,885,870 is **CONSTRUED** as follows:

        a.     "**a specific identifier external to the cellular network**," as used in claim 1, as reexamined, and claim 112, means "a specific identifier used outside and inside the cellular network to identify a specific wireless terminal."

        b.     "**an internal identifier of the cellular network**," as used in claim 1, as reexamined, and claim 112, means "an identifier used inside the cellular network to identify a specific wireless terminal, which may, but need not, be revealed outside the cellular network."

    **IT IS FURTHER ORDERED** that Comcast's claims based on the alleged infringement of U.S. Patent No. 6,112,305 and U.S. Patent No. 5,991,271 are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Sprint's counterclaims based on the alleged infringement of U.S. Patent No. 7,602,886, U.S. Patent No. 7,043,241, U.S. Patent No. 7,054,654, and U.S. Patent No. 6,965,666 are **DISMISSED WITH PREJUDICE**.

                                                 **BY THE COURT:**

                                                 /s/ Jan E. DuBois

                                               **JAN E. DUBOIS, J.**