IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COMCAST CABLE COMMUNICATIONS, LLC, TV WORKS, LLC, and COMCAST MO GROUP, INC.,**<br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>**SPRINT COMMUNICATIONS COMPANY, LP, SPRINT SPECTRUM, LP, and NEXTEL OPERATIONS, INC.,**<br>　　　　Defendants. | **CIVIL ACTION**<br><br><br><br>NO.  12-859 |
| **SPRINT COMMUNICATIONS COMPANY, LP, and SPRINT SPECTRUM, LP,**<br>　　　　Counterclaim-Plaintiffs,<br><br>　　　　v.<br><br>**COMCAST CABLE COMMUNICATIONS, LLC,  COMCAST IP PHONE, LLC, COMCAST BUSINESS COMMUNICATIONS, LLC, and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,**<br>　　　　Counterclaim-Defendants. | |

## CASE MANAGEMENT ORDER # 3

**AND NOW,** this 2nd day of September, 2014, following a Status Conference with the parties, through counsel, on August 25, 2014, **IT IS ORDERED** as follows:

**A.    Fact Discovery**

　　　1.　　On or before September 5, 2014, the parties shall complete production of all technical documents;

　　　2.　　On or before September 22, 2014, the parties shall complete production of all documents relating to damages and all other documents; and

3.      All remaining fact-discovery shall proceed forthwith and continue in such a manner as will assure that all requests for, and responses to, discovery will be served, noticed and completed by October 31, 2014.

B.    **Final Infringement and Invalidity Contentions**

1.      Any party asserting infringement shall serve final infringement contentions on or before November 20, 2014;

2.      Any party opposing a claim of patent infringement shall serve final invalidity contentions on or before November 20, 2014; and

3.      A party may amend the above identified final contentions only by order of the Court upon a showing of good cause and absence of unfair prejudice, made in a timely fashion following discovery of the basis for such amendment.  The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend final contentions.

C.    **Final Election of Asserted Claims and Prior Art**

1.      On or before November 20, 2014, a party asserting infringement shall serve a final election of asserted claims, which shall identify no more than three (3) asserted claims per patent;[1]

2.      On or before November 20, 2014, a party opposing a claim of patent infringement shall serve a final election of asserted prior art, which shall identify no more than six (6) prior art references per patent but in no event more than a total of twenty (20) references;[2] and

3.      Any request to increase the limits included in this Order must specifically show

---

[1] See, e.g., Acer, Inc. v. Tech. Props., Nos. 08-cv-00877 et al., 2011 U.S. Dist. LEXIS 55774 (N.D. Cal. May 13, 2011) ("[I]n order to promote judicial economy courts frequently limit the number of claims that a patentee may assert."); Verizon Calif., Inc. v. Ronald A. Katz Tech. Licensing, L.P., 326 F. Supp. 2d 1060, 1066 (C.D. Cal. 2003) (requiring plaintiff to select a maximum of three representative claims for each patent it contended was infringed).

[2] See Model Oder Focusing Patent Claims and Prior Art to Reduce Costs, available at http://www.txed.uscourts.gov/cgi-bin/view_document.cgi?document=24169.

why the inclusion of additional asserted claims or prior art references are warranted.[3] A failure to seek such a modification will constitute acquiescence in the limits specified in this Order.

**D.     Expert Witnesses**

1. On or before December 1, 2014, the parties shall identify and submit curriculum vitae for all expert witnesses who will provide testimony on issues for which they bear the initial burden of proof who have not been identified as of that time. On or before January 15, 2015, the parties shall serve reports and/or responses to expert witness discovery for all such expert witnesses;

2. On or before February 2, 2015, the parties shall identify and submit curriculum vitae for all expert witnesses who will provide testimony on issues for which the opposing parties bear the initial burden of proof. On or before February 20, 2015, the parties shall serve reports and/or responses to expert witness discovery for all such expert witnesses;

3. On or before March 6, 2015, the parties are granted leave to serve rebuttal expert witness reports and/or responses to expert witness discovery and, if not previously supplied, curriculum vitae, for all expert witnesses on liability and damages; and

4. Any discovery depositions of expert witnesses shall be taken between March 13, 2015, and April 10, 2015.

**E.     Dispositive Motions and <u>Daubert</u> Motions**

1. Any motions for summary judgment and <u>Daubert</u> motions shall be filed and served on or before May 8, 2015. Pursuant to the Court's <u>Pretrial and Trial Procedures</u>, moving parties shall include with any motion for summary judgment a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue of material fact, with

---

[3] <u>See</u> <u>In re Katz Call Processing Patent Litig.</u>, 639 F.2d 1202, 1312-13 (Fed. Cir. 2012).

3

citations to the record;

   2.  The response to any such motion shall be filed and served on or before June 5, 2015.  The response to a motion for summary judgment shall include a separate, short and concise statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement, as to which it is contended that there exists a genuine issue of material fact, with citations to the record.   The responding party may also set forth, in additional numbered paragraphs, any additional material facts which the responding party contends preclude the granting of the motion for summary judgment, with citations to the record;

   3.  A reply to any such motion may be filed and served on or before June 19, 2015;

   4.  Two (2) copies of any such motion, response, or reply shall be served on the Court (Chambers, Room 12613) when the originals are filed; and

   5.  Oral argument on any such motion is scheduled for July 9, 2015 and July 10, 2015, at 10:00 A.M., in Courtroom 12-B, U.S. Courthouse 601 Market Street, Philadelphia, Pennsylvania 19106.   Arrangements for telephone participation should be made with Courtroom Deputy Milahn Hall, by calling (267) 299-7339 on or before July 6, 2015.

**F.**  **Status Conference**

   The Court will hold a status conference by telephone with liaison counsel on November 5, 2014, at 4 PM.   Liaison counsel for plaintiffs shall initiate the call.   Any other attorneys wishing to participate in the status conference by telephone may do so by notifying liaison counsel.  Liaison counsel for plaintiffs and defendants shall provide the Court with a list of any matters they wish to place on the agenda for the November 5, 2014 telephone conference on or before the close of business on November 3, 2014.

G.  **Settlement Report**

On or before October 20, 2014, the parties, through counsel, shall jointly report to the Court with respect to (a) the status of the Delaware case, in which a jury trial is set to commence on October 6, 2014 (Case No. 1:12-cv-00205), and (b) a global settlement of the four pending cases – the Kansas City case, the two cases filed in Delaware, and the above captioned case.

H.  **Inconsistent Prior Orders Suspended**

The terms of this Order shall control in the event of any conflict with prior Orders of the Court.

**BY THE COURT:**

    /s/ Jan E. DuBois
**DuBOIS, JAN E., J.**