IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COMCAST CABLE COMMUNICATIONS, LLC, TV WORKS, LLC, and COMCAST MO GROUP, INC.,**<br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>**SPRINT COMMUNICATIONS COMPANY, LP, SPRINT SPECTRUM, LP, and NEXTEL OPERATIONS, INC.,**<br>　　　　Defendants. | CIVIL ACTION<br><br><br><br><br>NO. 12-859 |
| **SPRINT COMMUNICATIONS COMPANY, LP, and SPRINT SPECTRUM, LP,**<br>　　　　Counterclaim-Plaintiffs,<br><br>　　　　v.<br><br>**COMCAST CABLE COMMUNICATIONS, LLC, COMCAST IP PHONE, LLC, COMCAST BUSINESS COMMUNICATIONS, LLC, and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,**<br>　　　　Counterclaim-Defendants. | |

**O R D E R**

**AND NOW**, this 24th day of August, 2016, upon consideration of Sprint's Motion to Exclude the Expert Testimony of Michele Riley and Bruce H. Stoner (Doc. No. 261, filed May 6, 2016), Sprint's Motion for Summary Judgment (Doc. No. 262, filed May 6, 2016), Sprint's Opening Brief on Supplemental Claim Construction (Doc. No. 263, filed May 6, 2016), Comcast's Opening Claim Construction Brief on "Cellular Network" and "Messaging Server" (Doc. No. 267, filed May 6, 2016), Comcast's Motion for Summary Judgment of (1) Non-Infringement of Sprint Patent Nos. 6,754,907 and 6,757,907, (2) No Ancitipation as to Comcast

Patent No. 6,885,870, and (3) No License to Sprint or its Vendors Under Comcast Patent No. 6,885,870 (Doc. No. 268, filed May 6, 2016), Comcast's Motion to Exclude Testimony of Alan Cox, Sarah Butler, Arthur Brody, and Mark Lanning (Doc. No. 269, filed May 6, 2016), Sprint's Responsive Brief on Supplemental Claim Construction (Doc. No. 274, filed May 27, 2016), Sprint's Brief in Opposition to Comcast's Motion to Exclude the Testimony of Alan Cox, Sarah Butler, Arthur Brody, and Mark Lanning (Doc. No. 275, filed May 27, 2016), Sprint's Brief in Opposition to Comcast's Motion for Summary Judgment (Doc. No. 276, filed May 27, 2016), Memorandum in Support of Comcast's Opposition to Sprint's Motion for Summary Judgment (Doc. No. 277, filed May 27, 2016), Comcast's Response Claim Construction Brief on "Cellular Network" and "Messaging Server" (Doc. No. 278, filed May 27, 2016), Comcast's Memorandum in Opposition to Sprint's Motion to Exclude Expert Testimony of Michele Riley and Bruce Stoner (Doc. No. 279, filed May 27, 2016), Comcast's Reply Brief in Support of its Motion for Summary Judgment (Doc. No. 281, filed June 10, 2016), Reply Memorandum in Support of Comcast's Motion to Exclude Testimony of Alan Cox, Sarah Butler, Arthur Brody, and Mark Lanning (Doc. No. 282, filed June 10, 2016), Sprint's Supplemental Statement of Material Facts in Support of its Motion for Summary Judgment (Doc. No. 283, filed June 10, 2016), Sprint's Reply Brief in Support of its Motion to Exclude the Expert Testimony of Michele Riley and Bruce H. Stoner (Doc. No. 284, filed June 10, 2016), Sprint's Reply Brief in Support of its Motion for Summary Judgment (Doc. No. 285, filed June 10, 2016), and related filings, and following a *Markman* hearing and oral argument on Motions for Summary Judgment and Motions to Exclude on June 22, 23, 24, and 29, 2016, for the reasons set forth in the accompanying Memorandum dated August 24, 2016, **IT IS ORDERED**, as follows:

1. The disputed language of U.S. Patent No. 6,885,870 ("the '870 patent") shall be **CONSTRUED**, as follows:

    a. "**cellular network**" means "a network comprised of a wireless terminal, a base station system for communicating with the wireless terminal, and core network elements, which may include subscriber databases (such as a home location register), mobile switching centers, packet switching nodes, and messaging servers."

    b. "**messaging server**" means "a server that has functionality for storing and forwarding messages and for sending an inquiry for information relating to a wireless terminal;"

2. Comcast's Motion for Summary Judgment is **GRANTED IN PART**, **DENIED IN PART**, and **DENIED IN PART AS MOOT**, as follows:

    a. That part of Comcast's Motion that seeks summary judgment on the ground of no infringement of the asserted claims of U.S. Patents Nos. 6,754,907 and 6,757,907 ("the '907 patents") is **GRANTED.**

    b. That part of Comcast's Motion that seeks summary judgment on the ground of no anticipation under 35 U.S.C. § 102 of the asserted claims of the '870 patent over Vuoristo is **GRANTED.**

    c. That part of Comcast's Motion that seeks summary judgment on the ground of no anticipation under 35 U.S.C. § 102 of the asserted claims of the '870 patent over GSM 3.60 and Huopaniemi is **DENIED.**

    d. That part of Comcast's Motion that seeks summary judgment on the ground of no anticipation under 35 U.S.C. § 102 of the asserted claims of the '870 patent over Comverse and Donovan '726 is **DENIED AS MOOT** in light of Sprint's withdrawal of these references as anticipatory references. Sprint's claims of anticipation under 35 U.S.C. § 102 of the

asserted claims of the '870 patents over Comverse and Donovan '726 are **MARKED WITHDRAWN**.

   e. That part of Comcast's Motion that seeks summary judgment on the ground of no license to Sprint or its vendor to practice the '870 patent is **GRANTED**;

 3. Sprint's Motion for Summary Judgment is **DENIED**, as follows:

   a. That part of Sprint's Motion that seeks summary judgment on the ground of ineligibility for patenting of the asserted claims of the '870 patent under 35 U.S.C. § 101 is **DENIED.**

   b. That part of Sprint's Motion that seeks summary judgment on the ground of invalidity due to indefiniteness of the asserted claims of the '870 patent under 35 U.S.C. § 102, paragraph 2, is **DENIED.**

   c. That part of Sprint's Motion that seeks summary judgment on the ground of Sprint's license to practice the '870 patent is **DENIED**;

 4. Comcast's Motion to Exclude is **DENIED IN PART**, **DENIED IN PART AS MOOT**, and **DEFERRED IN PART**, as follows:

   a. That part of Comcast's Motion that seeks to exclude the testimony of Alan Cox and Sarah Butler on damages for infringement of the '907 patents is **DENIED AS MOOT**;

   b. That part of Comcast's Motion that seeks to exclude the testimony of Alan Cox on damages for infringement of the '870 patent is **DEFERRED**;

   c. That part of Comcast's Motion that seeks to exclude the testimony of Arthur Brody on infringement of the '907 patents is **DENIED AS MOOT**;

   d. That part of Comcast's Motion that seeks to exclude the testimony of Mark Lanning on infringement of the '870 patent is **DENIED**;

5. Sprint's Motion to Exclude is **GRANTED IN PART**, **DENIED IN PART**, **DENIED IN PART AS MOOT**, and **DEFERRED IN PART**, as follows:

    a. That part of Sprint's Motion that seeks to exclude the testimony of Michele Riley on damages for infringement of the '870 patent is **DEFERRED**;

    b. That part of Sprint's Motion that seeks to exclude the testimony of Michele Riley on damages for infringement of the '907 patents is **DENIED AS MOOT**;

    c. That part of Sprint's Motion that seeks to exclude the testimony of Bruce Stoner on validity of the '870 patent is **GRANTED IN PART** and **DENIED IN PART**. Mr. Stoner may opine as to PTO rules and procedure generally, provided a proper foundation is laid, but he may not testify as to the subjective knowledge or mental state of the examiner during prosecution or reexamination of the '870 patent.

**IT IS FURTHER ORDERED** that a telephone conference for the purpose of scheduling further proceedings will be conducted in due course.

                                                **BY THE COURT:**

                                                **/s/ Hon. Jan E. DuBois**

                                                    **DuBOIS, JAN E., J.**