IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMCAST CABLE COMMUNICATIONS, LLC, TV WORKS, LLC, and COMCAST MO GROUP, INC., Plaintiffs, | CIVIL ACTION |
| v. | NO.  12-859 |
| SPRINT COMMUNICATIONS COMPANY, LP, SPRINT SPECTRUM, LP, and NEXTEL OPERATIONS, INC., Defendants. | |
| SPRINT COMMUNICATIONS COMPANY, LP, and SPRINT SPECTRUM, LP, Counterclaim-Plaintiffs, | |
| v. | |
| COMCAST CABLE COMMUNICATIONS, LLC,  COMCAST IP PHONE, LLC, COMCAST BUSINESS COMMUNICATIONS, LLC, and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, Counterclaim-Defendants. | |

DuBois, J.                                                                                          December 13, 2016

**M E M O R A N D U M**

I.      INTRODUCTION

This case involves claims of patent infringement between Comcast Cable

Communications, LLC, and related entities (collectively "Comcast"), and Sprint

Communications Company, L.P., and related entities (collectively "Sprint"). After withdrawal of

several claims of infringement, only Comcast's claim for infringement of its U.S. Patent Number

6,885,870 ("the '870 patent") against Sprint and Sprint's Counterclaims for infringement of its

U.S. Patents Numbers 6,754,907 and 6,757,907 ("the '907 patents") against Comcast remained

in the case. The Court granted summary judgment in favor of Comcast as to Sprint's

counterclaims under the '907 patents by Memorandum and Order dated August 24, 2016. *See*

*Comcast Cable Commc'ns, LLC v. Sprint Commc'ns Co., LP* (*Comcast v. Sprint II*), No. CV 12-

859, 2016 WL 4478756 (E.D. Pa. Aug. 25, 2016). That Memorandum contains the factual

background, procedural history, and details of the underlying patents in the case.

Presently before the Court is Sprint's Motion for Certification of Partial Final Judgment

Under 54(b). Sprint asks the Court to enter final judgment with respect to the Order of August

24, 2016, granting Comcast's Motion for Summary Judgment on Sprint's Counterclaims for

infringement of the '907 patents, so as to enable Sprint to immediately appeal that decision to the

United States Court of Appeals for the Federal Circuit.

## II.    LEGAL STANDARD

When an action involves more than one claim for relief, the district court has discretion to

enter "final judgment as to one or more, but fewer than all, claims or parties only if the court

expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b)

requires a two-step analysis. First, there must be a final judgment as to a claim.[1] Second, there

must be "no just reason for delay" of the appeal of that judgment. The United States Court of

Appeals for the Federal Circuit has exclusive jurisdiction over appeals from final decisions in

patent cases. 28 U.S.C. § 1295(a)(1). Thus, "[w]hether an order is sufficient to confer appellate

jurisdiction under Rule 54(b) is a question of Federal Circuit law," under which "the bare

recitation of the 'no just reason for delay' standard of Rule 54(b) is not sufficient, by itself, to

---

[1] The first step of the 54(b) test is easily met: the Court granted summary judgment in favor of Comcast on Sprint's Counterclaims for infringement of the '907 patents, and that determination is a final judgment as to Sprint. *Comcast v. Sprint II*, 2016 WL 4478756.

properly certify an issue for immediate appeal." *iLOR, LLC v. Google, Inc.*, 550 F.3d 1067, 1072 (Fed. Cir. 2008). However, the Federal Circuit has provided no further guidance as to the requisite scope or nature of the "no just reason for delay" analysis. Accordingly, this Court will look to cases in the United States Court of Appeals for the Third Circuit on this issue.

"Certification of a judgment as final under Rule 54(b) is the exception, not the rule, to the usual course of proceedings in a district court." *Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 220 (3d Cir. 2012). In addressing the question of whether there is "no just reason for delay" of an appeal, the Third Circuit requires district courts to consider the following *Allis-Chalmers* factors:

> (1) the relationship between the adjudicated and unadjudicated claims;
> (2) the possibility that the need for review might or might not be mooted by future developments in the district court;
> (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
> (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final;
> (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006) (citing *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 365 (3d Cir. 1975)).

## III.   DISCUSSION

Sprint's Motion must be denied because the Court cannot "expressly determine[] that there is no just reason for delay." Fed. R. Civ. P. 54(b). In deciding that question, the Court considers each of the five *Allis-Chalmers* factors.

### A.   *Allis-Chalmers* Factor Five: Miscellaneous Considerations

The Court's decision hinges on the fifth *Allis-Chalmers* factor, which instructs district courts to consider "miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Allis-Chalmers*

*Corp.*, 521 F.2d at 365. The Court concludes that two such factors present "just reason[s] for delay": (1) the *de minimis* nature of the delay to Sprint's appeal, and (2) the interest in judicial efficiency.

First, Comcast argues the Motion should be denied because the delay to Sprint's appeal of this Court's adverse ruling on Sprint's Counterclaims for infringement of the '907 patent will be *de minimis*. Comcast's Resp. at 5. Sprint's Motion was filed on November 21, 2016. Trial is scheduled to begin on January 30, 2017, and is expected conclude during the week of February 13, 2017. *See* Case Management Order #6 (Doc. 319, filed October 5, 2016). Thus, Sprint will be able to appeal in this case within three or four months of the filing of its 54(b) Motion. Sprint's sole argument as to timing is that "an immediate appeal could be instructive as to fees"—that is, if the Federal Circuit were to rule on Sprint's appeal before the conclusion of the trial of Comcast's '870 patent claims, that ruling could "make the resolution of [whether to award reasonable attorney fees] easier." Sprint's Mot. at 6 (quoting *Sprint Commc'ns Co., LP v. Comcast Cable Commc'ns, LLC*, No. 12-cv-1013, 2016 WL 4443146, at *2 (D. Del. Aug. 18, 2016). The Court agrees that an immediate *resolution* of an appeal on the '907 patent Counterclaims could be instructive on the issue of attorney's fees; but even if Sprint were to file its appeal immediately, it is extremely unlikely that the Federal Circuit would issue a ruling by the time of trial. In short, the Court concludes that Comcast's argument is more persuasive. The delay to Sprint's appeal of its Counterclaims will be *de minimis*, and does not warrant certification of a partial final judgment.

Second, Comcast argues that Sprint's Motion should be denied for the sake of judicial efficiency. Comcast's Mot. 5–6. Comcast notes that if Sprint is permitted to take an immediate appeal from the Court's ruling on the '907 patents, and if the resolution as to the '870 patent is

later appealed, "the cost and inefficiencies of dual appeal tracks . . . would be significant." *Id*. at 5. The Court is persuaded that the interest of judicial efficiency warrants denial of the Motion, especially when coupled with the *de minimis* delay in Sprint's appeal. It makes little sense to risk the waste of judicial resources by bifurcating the case at this late stage.

Comcast also argues that Sprint should be bound by its decision to bring its Counterclaims for infringement of the '907 patents in this case. Comcast Resp. at 6. The Court rejects this argument, because "counterclaims, whether compulsory or permissive, present no special problems for Rule 54(b) determinations." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 9 (1980). Thus, the Court gives no independent weight to Sprint's decision to bring its Counterclaims under the '907 patents in this case.

### B.  *Allis-Chalmers* Factors One Through Four

Although the Court concludes that there is a "just reason for delay" under the fifth *Allis-Chalmers* factor, the Court will consider the first four factors so as to "provide a statement of reasons" for its decision. *Elliott*, 682 F.3d at 221.

The first *Allis-Chalmers* factor asks the Court to assess "the relationship between the adjudicated and unadjudicated claims." *Allis-Chalmers Corp.*, 521 F.2d at 365. Sprint correctly argues that its Counterclaims under the '907 patent are unrelated to Comcast's claims under the '870 patent. Sprint's Mot. at 4.

Relatedly, under the second factor, the Court considers "the possibility that the need for review might or might not be mooted by future developments in the district court." *Allis-Chalmers Corp.*, 521 F.2d at 365. Since Comcast's claims for infringement of the '870 patent are unrelated to Sprint's counterclaims, there is no possibility that any developments as to the '870 patent claims in this Court will moot Sprint's appeal. Sprint's Mot. at 4.

The third factor directs the Court to consider "the possibility that the reviewing court might be obliged to consider the same issue a second time." *Allis-Chalmers Corp.*, 521 F.2d at 365. On this issue Comcast argues that the Court's consolidated claim construction proceedings might be a basis for appeal. Specifically, Comcast points out that in 2014, the Court held a single *Markman* hearing as to all patents then in the case, including the '870 patent and the '907 patents, and construed several terms in those patents in a single Memorandum and Order. *Comcast Cable Commc'ns, LLC, et al. v. Sprint Commc'ns Co., LP, et al.* (*Comcast v. Sprint I*), 38 F. Supp. 3d 589 (E.D. Pa. 2014). Comcast's argument as to the third *Allis-Chalmers* factor fails. The *Markman* proceedings and the resultant claim construction opinion were clearly separated by patent, and as Sprint correctly notes, "there were no overlapping claims the Court construed." Sprint's Mot. at 4–5.

Comcast also states that the Court's use of a technical advisor in this case could be an appealable issue under both the '907 patents and the '870 patent, requiring the Federal Circuit to consider the issue a second time. But both parties agreed to the appointment of the technical advisor and neither party objected to the terms and conditions of the appointment despite being granted the opportunity to do so. *See* Doc. No. 144, filed April 1, 2014. There is absolutely no basis for Comcast's argument with respect to the technical advisor.

Finally, under the fourth *Allis-Chalmers* factor, the Court considers "the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final." *Allis-Chalmers Corp.*, 521 F.2d at 365. No damages were awarded in the judgment on the '907 patents sought to be made final, so there is no possibility of a set-off of a future judgment. In summary, none of the first four factors present a plausible "just reason for delay."

## IV.    CONCLUSION

For the foregoing reasons, the Court denies Sprint's Motion for Certification of Partial

Final Judgment Under 54(b). An appropriate order follows.